**Opinion filed April 23, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00036-CR
_____

**JASON ROY LEBARON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 28759A**

## M E M O R A N D U M   O P I N I O N

A jury convicted Jason Roy Lebaron, Appellant, of the offense of harassment of a public servant (Count I) and the offense of criminal mischief (Count II).  For the first count, Appellant's punishment was assessed at confinement for two years in the Correctional Institutions Division of the Texas Department of Criminal Justice and a fine of $525.  For the second count, punishment was assessed at confinement in a state jail for 180 days and a fine of $3,025.  The trial court suspended the imposition of the confinement portion of both sentences and the fine in the first count

and placed Appellant on community supervision for four years. Appellant subsequently filed a notice of appeal. Because the notice of appeal was not filed timely, we dismiss the appeal for want of jurisdiction.

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed or suspended in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a). A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this appeal indicate that Appellant's sentences were imposed on October 28, 2020, that the motion for new trial was filed one day late, and that Appellant filed his notice of appeal on March 19, 2021, 142 days after his sentences were imposed. The notice of appeal was therefore untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

When the appeal was filed in this court, we notified Appellant that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested a response showing grounds to continue this appeal.

In his response, counsel for Appellant acknowledges the "missed" timeline and asserts that he is now trying to correct it. Counsel stated that he was hired on November 30, 2020. According to this court's calculation, November 30 was the due date for the motion for new trial, and absent a timely motion for new trial, November 30 was also the due date for the notice of appeal. Counsel asserts that this court has discretion in the matter and that "this appeal should be perfected in the

2

interest of justice." This court, however, has no such discretion; we are not authorized to grant a request for an out-of-time appeal. *See Slaton*, 981 S.W.2d at 210. In his response, Appellant also addresses the substantive merits of his would-be appeal. Appellant has not provided this court with any grounds upon which this appeal may be continued. Because the notice of appeal was not timely filed, we have no jurisdiction over this appeal and must dismiss it. *See Slaton*, 981 S.W.2d at 210.

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

April 23, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.